IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 FEB 13  PM 4: 08

WEST... ...OF TEXAS
... AP

RUBEN GUERRERO,
                                    Petitioner,

-vs-                                                                    Case No.  A-12-CA-595-SS

WILLIAM STEPHENS,
                                    Respondent.

---

ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Ruben Guerrero's Petition for Writ of Habeas Corpus [#1], Guerrero's Motion for Temporary Injunction [#44],[1] the Report and Recommendation of the United States Magistrate Judge [#45], and Guerrero's Objections [#52].  Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Guerrero is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79

---

[1]Guerrero's Motion for Temporary Injunction is unrelated to his claims habeas corpus relief and should be dismissed.

F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.    Guerrero's Criminal History

According to Respondent, the Director has lawful and valid custody of Guerrero pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number D-1-DC-09-300784-B.  Guerrero was charged with assault with injury, family violence, enhanced to habitual offender status by one previous crime against a family member and two previous DWI convictions, to which he entered a plea of not guilty.  A jury, however, found Guerrero guilty of the charged offense as well as the enhancement paragraphs, and on March 24, 2010, he was sentenced to 65 years in prison.

Guerrero's conviction was affirmed by the Third Court of Appeals of Texas on June 3, 2011.  *Guerrero v. State*, No. 03-10-00218-CR, 2011 WL 2176825 (Tex. App.—Austin 2011, no pet.).  Guerrero did not file a petition for discretionary review.  He did, however, challenge his conviction in a state application for habeas corpus relief.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on May 9, 2012.  *Ex parte Guerrero*, Appl. No. 76,230-08 at cover.  Guerrero filed a motion for reconsideration on May 23, 2012.  The court determined no action would be taken on May 29, 2012.  Guerrero filed a second application, which was dismissed as subsequent on June 20, 2012. *Ex parte Guerrero*, Appl. No. 76,230-09 at cover.

This proceeding followed on June 30, 2012.  After Respondent contended several of Guerrero's claims were unexhausted, Guerrero filed a motion for a stay and abatement on January

-2-

16, 2013, so he could present these claims to the state courts.  The motion for stay was granted.

Guerrero returned to the state courts and filed an additional habeas application on April 23, 2013.

The trial court found Guerrero failed to meet the statutory requirements entitling him to file a

subsequent writ application. The Court of Criminal Appeals dismissed the application as subsequent

on May 22, 2013.  *Ex parte Guerrero*, Appl. No. 76,230-11 at cover.

**B.**     **Factual Background**

The factual background of this case is found in the Court of Appeals opinion:

Guerrero was accused of assaulting his wife, Y.R., who testified at trial.  The jury heard evidence that on the night of March 27, 2009, Guerrero was driving Y.R. to a nightclub where she was scheduled to work. According to Y.R., instead of taking her to the nightclub, Guerrero "passed the road that is supposed to take me to my job" and told Y.R. that "he was going to go and prostitute me" and "teach me how to earn my money." Guerrero then instructed Y.R. to take off her bra and underwear.  Y.R. testified that she protested, but Guerrero began hitting her until she complied. Guerrero drove to a bar, opened the car door, grabbed Y.R., slapped her in the face, and then "threw [her] to the ground." When two men who were walking nearby tried to assist Y.R., Guerrero became upset and "pulled [her] back in the car."

Guerrero then drove to an H.E.B. and "offered" Y.R. to a man who was pushing shopping carts.  Y.R. recalled how the man had told Guerrero that he "wanted to see" Y.R. and that Guerrero had responded to this request by lifting up Y.R.'s dress and exposing her body to the man.  Y.R., who was crying, asked the man to leave, and the man walked away.

After driving to other locations around Austin, Guerrero finally took Y.R. to another nightclub. There, Guerrero walked Y.R. through the parking lot, started lifting up her dress, and told her "that when we go inside, he's going to be able to get someone to dance with me since my dress is up." Once inside, Y.R. "went straight to the bathroom" and called her sister "to get the children out of the house." Y.R. testified that she was afraid that "something" would happen when she returned home.  When Y.R. walked out of the restroom, Guerrero was waiting for her. He took Y.R. to the corner of one of the bars and asked her to dance with people.  Y.R., who was still crying, refused and returned to the restroom.  When she exited the restroom, the owner of the club and one of the club's employees noticed that she was visibly upset and led her into their office, where she explained what had happened.  They then attempted to locate Guerrero, but he had apparently left the club and could not be

found.  A friend of Y.R.'s drove her home, and once there, Y.R. called the police and reported the incident.

Other evidence considered by the jury included the testimony of the police officer who had responded to Y.R.'s 911 call, the detective who had investigated the assault, the police officer who had located and arrested Guerrero, and the two individuals at the nightclub who had spoken with Y.R.  Also admitted into evidence were police photographs showing Y.R.'s visible injuries, a protective order affidavit that Y.R. had filed against Guerrero following the incident, and an affidavit of non-prosecution that Y.R. had signed in June 2009.  Y.R. testified that Guerrero had mailed her the affidavit and instructed her to sign it.  Y.R., who was not a United States citizen,[1] explained that although she had signed the document, she could not read English and thus did not understand what was written in it.

> FN1. As we explain below, defense counsel attempted to make Y.R.'s immigration status a significant issue during trial.

Guerrero testified in his defense and denied driving Y.R. to work on the night in question and assaulting her.  On cross-examination, Guerrero admitted to an extensive criminal history, including prior convictions for assault family violence and driving while intoxicated.

The jury found Guerrero guilty as charged, and the case proceeded to punishment. Guerrero pleaded true to the two enhancement paragraphs alleged in the indictment, and the jury heard additional evidence related to Guerrero's history of violence against women, including an alleged sexual assault of Y.R.  The jury assessed punishment as noted above, and the district court sentenced Guerrero accordingly. Guerrero subsequently filed a motion for new trial, which was overruled by operation of law.

*Guerrero v. State*, No. 03-10-00218-CR, 2011 WL 2176825, at *1–2 (Tex. App.—Austin 2011, no

pet.).

## C.    Guerrero's Grounds for Relief

Guerrero raises the following grounds for relief:

1.    The complainant committed perjury by stating she did not understand English;

2.    He was denied his right to confront a witness when the trial court ruled that the complainant did not have a criminal record, and counsel failed to object;

-4-

3.      The State suppressed exculpatory evidence by objecting to the introduction of government publications and a jailhouse telephone conversation;

4.      The State failed to correct perjured testimony;

5.      Trial counsel performed ineffectively by failing to:

      a.    introduce evidence and witnesses;
      b.    properly admit evidence and "obtain adverse ruling and mark evidence for appellate review";
      c.    secure and develop exculpatory evidence; and
      d.    object to the admission of a photo;

6.      The trial court erred by failing to admit exculpatory evidence in the form of publications and a jailhouse telephone conversation;

7.      Petitioner was compelled to testify when counsel failed to introduce evidence supporting his defense;

8.      The evidence was insufficient to establish his guilt;

9.      The indictment was defective because one of the enhancement paragraphs alleged an erroneous prior conviction;

10.    The translator tasked with creating a transcript of a phone conversation lost the recording, indicating a possible conflict of interest;

11.    His sentence was cruel and unusual punishment; and

12.    His sentence was improperly enhanced.

**D.    Exhaustion of State Court Remedies**

Respondent does not contest Guerrero has exhausted his state court remedies regarding the claims brought in this application with the exception of claims 2, 9, and 12. With regard to those claims, Respondent argues they are unexhausted and procedurally defaulted.

**E.    State Habeas Review**

On state habeas review, the state court issued the following findings of fact and

recommendation before transmitting the habeas corpus record to the Texas Court of Criminal

Appeals:

3.  The mother of applicant's child, [Y.R.], testified that applicant attempted to force her to engage in prostitution, and then slapped her on the arm and face and threw her to the ground when she refused. [Y.R.] reported the assault at a nightclub, and police photographed her injuries. Employees of the nightclub verified that [Y.R.] was extremely upset when she reported the offense.

4.  Applicant attempted to present evidence which he contended showed that [Y.R.] lied about the assault because she was mad at him for withdrawing an application seeking to have her become a naturalized citizen. He alleges this evidence consisted of government publications concerning naturalization, and transcriptions of conversations he had with [Y.R.] concerning her desire to become a United States citizen. Neither submission was admitted into evidence.

5.  Applicant testified at his trial, denying that he had assaulted [Y.R.], and setting out the reason he believed she had testified falsely against him.

6.  Applicant contends [Y.R.] lied at trial, but offers no proof other than evidence of her alleged motive.

7.  Applicant alleges the prosecution excluded exculpatory evidence by not accepting his proffered evidence. He alleges only that such evidence would have shown [Y.R.'s] desire to become a naturalized citizen, which would not be exculpatory evidence.

8.  Applicant argues that his counsel was ineffective because she was not able to have his proffered evidence admitted, and failed to preserve any error in its exclusion. His alleged facts do not show that the publications were relevant, or that admission of his conversation with [Y.R.] was admissible or might have affected the jury's verdict.

*Ex parte Guerrero*, Appl. No. 76,230-08 at 89-90. The trial court recommended Guerrero's state

application be denied. *Id.* at 90.

## Analysis

**A.     Procedural Default**

Guerrero's claims 2, 9, and 12 are procedurally defaulted.  Guerrero raised these claims in a state application for habeas corpus relief, which was dismissed as a subsequent writ. As such, the state courts have not considered the merits of such claims. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief.  *Harris v. Reed*, 489 U.S. 255, 262 (1989).  Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred.  *Coleman*, 501 U.S. at 735–37.  The general rule a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred.  *Id.* at 735 n.1.  A petitioner, however, can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the federal claim would result in a miscarriage of justice.  *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 750).

Guerrero argues he attempted to amend his first state habeas application, but the motion to amend was apparently lost between the prison mail system and the state court's clerk.  A later motion

to amend was filed, but the motion was filed directly with the Court of Criminal Appeals. Accordingly, the three claims noted above were not properly presented to the Court of Criminal Appeals.

Guerrero also claims he is actually innocent. Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found Guerrero guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The *Schlup* standard is demanding and permits review only in the "extraordinary" case. *Id.* Guerrero simply has not demonstrated that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt. As such, Guerrero has failed to show cause and actual prejudice for his procedural default and has made no showing a failure to address the merits of his claims would result in a miscarriage of justice. Therefore, Guerrero is barred from raising claims 2, 9, and 12.

**B.      The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 783–85 (2011). The Court noted the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted "[b]y its terms § 2254(d) bars relitigation of any claim

'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."

*Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's

order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.*  Following

all of the Courts of Appeals' decisions on this question, the Court concluded the deference due a

state court decision under § 2554(d) "does not require that there be an opinion from the state court

explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted it had previously

concluded "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing

*Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court

decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court

to deny relief." *Id.*  And even when a state court fails to state which of the elements in a multi-part

claim it found insufficient, deference is still due to that decision because "§ 2254(d) applies when

a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three

circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly

established in the holdings of the Supreme Court; (2) when the earlier decision "involved an

unreasonable application of" such law; or (3) when the decision "was based on an unreasonable

determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C.

§ 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

## C.   Perjury Claim (Claims One and Four)

In his first ground for relief, Guerrero argues the complainant committed perjury by stating she did not understand English. He contends an earlier eviction lawsuit and the fact she took an English as a second language class at the community college shows she understood English. In his fourth ground for relief, Guerrero relatedly argues the State failed to correct perjured testimony, noting the interpreter of jailhouse phone conversations presumably listened to phone conversations

between Guerrero and Y.R.

In his relevant state application for habeas corpus relief, Guerrero argued he was prejudiced by Y.R's testimony she did not understand English because her lack of fluency enabled the State to suppress evidence Y.R. may have been motivated to fabricate domestic violence charges by immigration concerns and to discredit a non-prosecution affidavit.  The state courts rejected these claims as meritless.  *Ex parte Guerrero*, Appl. No. 76,230-08 at 89–90.

"The Supreme Court has held that the Due Process Clause is violated when the government knowingly uses perjured testimony to obtain a conviction." *Kinsel v. Cain*, 647 F.3d 265, 271 (5th Cir. 2011) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)).  To establish a denial of due process through the use of perjured testimony, Guerrero must show "that (1) the witness gave false testimony; (2) the falsity was material in that it would have affected the jury's verdict; and (3) the prosecution used the testimony knowing it was false." *Reed v. Quarterman*, 504 F.3d 465, 473 (5th Cir. 2007); *see also Creel v. Johnson*, 162 F.3d 385, 391 (5th Cir. 1998).

Guerrero has established neither that Y.R.'s statements were perjurious, nor that the prosecutor "knew" the testimony was false.  Furthermore, Guerrero fails to show how the falsity was material, even if true.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Guerrero's claims the complainant committed perjury and the State failed to correct it.

**D.      Right to Confront Witness (Claim 2)**

Guerrero next argues Y.R. opened the door to questioning about her criminal record, but the

trial court erred by denying the introduction of such evidence.  As mentioned above, Guerrero's claim is procedurally barred.

Alternatively, Guerrero's claim is without merit.  In response to defense counsel asking Y.R. if she recalled signing an affidavit of nonprosecution, Y.R. stated "I cleaned my record, but I don't know exactly what it is."  4 RR 74.  The trial court indicated Y.R. appeared to not know what an affidavit of non-prosecution is and instructed defense counsel to state her question another way.  4 RR 74.  Defense counsel opined Y.R. had "opened the door now."  4 RR 74.  The trial court said, "[t]here is nothing.  Restate – I will state it."

Federal habeas corpus furnishes relief for violations of federal constitutional rights and federal statutory rights, not for violations of state procedural or evidentiary rules.  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (recognizing federal habeas relief will not issue for errors of state law); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding a federal court may not issue the writ on the basis of a perceived error of state law).  In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.  *Estelle v. McGuire*, 502 U.S. at 67–68; *Lewis v. Jeffers*, 497 U.S. at 780; *Pulley v. Harris*, 465 U.S. at 41.

Even if erroneous, state evidentiary rulings are not matters for federal habeas review unless they are of such magnitude as to constitute a denial of fundamental fairness under the Due Process

Clause. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992).  The evidence in question must be a "crucial, critical, or highly significant factor" in the contest of the entire trial.  *Id.*  The test to apply is whether there is a reasonable probability the verdict might have been different had the trial been properly conducted.  *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988).  Guerrero's claim does not satisfy this test.

**E.     Government Publication and Jailhouse Conversations (Claims 3 and 6)**

Guerrero argues in his third ground for relief the State suppressed two relevant pieces of evidence: government summaries of policies concerning immigration of domestic violence victims and jailhouse telephone transcripts.  As explained by Respondent, the State did not suppress the above-referenced evidence.  Rather, the State presented valid reasons for opposing the introduction of each piece of evidence.  Specifically, the State contended Guerrero had not proven Y.R. was familiar with the government provisions, and the prosecutors had not heard the recordings of the jailhouse conversations before the CD was stolen from the translator.  4 RR 79; 4 RR 199.  Presenting valid reasons for opposing the introduction of evidence does not constitute misconduct.

In his sixth ground for relief, Guerrero similarly argues the trial court erred by ruling these two pieces of evidence were inadmissible.  Guerrero raised these claims in his direct appeal.  The appellate court held defense counsel did not properly preserve the alleged errors for appellate review.  *Guerrero v. State*, No. 03-10-00218-CR, 2011 WL 2176825, at *5 (Tex. App.—Austin 2011, no pet.).  The court noted the substance of the government publication and the jailhouse conversations was never made known to the district court.  *Id.* at *2, 4.  The court further noted defense counsel failed to obtain an adverse ruling with regard to the jailhouse conversation because the trial court merely explained to counsel she would have to "keep going."  *Id.*

-13-

As mentioned above, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. at 67–68. A petitioner is thus entitled to federal habeas relief due to trial error only if such error had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). As the Fifth Circuit described the *Brecht* standard:

> [U]nder *Brecht*, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the *Brecht* standard, of the error, then we must conclude that it was harmful.

*Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999) (quoting *Woods v. Johnson*, 75 F.3d 1017, 1026–27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, Guerrero must show the error actually prejudiced him. *Brecht*, 507 U.S. at 637.

First, Guerrero has not shown the trial court erred. As explained by the state appellate court, the substance of the publications and jailhouse conversations was not made known to the district court. Moreover, Guerrero has not shown how the alleged error actually prejudiced him. In light of the evidence presented at trial, it is unlikely the introduction of the publications or jailhouse conversations would have significantly aided Guerrero's defense. Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence, when it denied Guerrero's request for relief.

## F.    Ineffective Assistance of Counsel (Claim 5)

In his fifth ground for relief, Guerrero argues his trial attorney's performance was ineffective for failing to: (a) introduce evidence and witnesses; (b) properly admit evidence, obtain an adverse

ruling, and mark evidence for appellate review; (c) secure and develop exculpatory evidence; and

(d) object to the admission of a photo.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth

in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not functioning
> as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive the defendant of
> a fair trial, a trial whose result is reliable. Unless a defendant can make both
> showings, it cannot be said that the conviction or death sentence resulted from a
> breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In deciding whether counsel's performance was deficient, the Court applies a standard

of objective reasonableness, keeping in mind judicial scrutiny of counsel's performance must be

highly deferential. *Id.* at 686-689. "A fair assessment of attorney performance requires that every

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Id.* (citation omitted). Ultimately, the

focus of inquiry must be on the fundamental fairness of the proceedings whose result is being

challenged. *Id.* at 695–97. Accordingly, in order to prevail on a claim of ineffective assistance of

counsel, a convicted defendant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687.

Guerrero claims counsel erred by omitting important evidence and witness testimony. In his state application he contends counsel should have presented evidence including the complainant's prior arrest, an eviction lawsuit, and evidence Y.R. inconsistently described the club where she worked and where Guerrero took her. Guerrero has failed to show any of this evidence, if it even exists, would have affected the outcome of his case. Moreover, the Fifth Circuit has made clear conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Guerrero also claims counsel should have properly introduced government immigration documents and telephone transcripts to preserve the issues for appeal. Similar to his previous claim, Guerrero has not shown prejudice. As explained by the state habeas court, the "alleged facts do not show that the publications were relevant, or that admission of his conversation with Y.R. was admissible or might have affected the jury's verdict. *Ex parte Guerrero*, Appl. No. 76,230-08 at 90.

Guerrero next claims counsel should have secured and developed exculpatory evidence. Guerrero appears to contend counsel should have called Guerrero's brother, Conception, as a witness. The Fifth Circuit has repeatedly held complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F.3d 527 (5th Cir. 2009). Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the

-16-

witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show the testimony would have been favorable to a particular defense. *Id.* (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). As explained by Respondent, Conception's affidavit failed to state he was available and willing to testify at Guerrero's trial. In addition, Conception's affidavit does not show his testimony would have been helpful to the defendant in that it does not necessarily conflict with Y.R.'s testimony.

Guerrero next claims counsel should have objected to the introduction of photographs of Y.R. Guerrero appears to argue the photographs should not have been admitted because the police officer testifying at trial stated he had not taken the photographs. 4 RR 16. The officer instead testified the photographs fairly and accurately depicted the complainant's injuries at the time he responded to the instant offense. 4 RR 17. The record fails to demonstrate his proposed objection would have been successful, or if successful, would have resulted in the exclusion of the photographs. *See Wood v. State*, 299 S.W.3d 200, 214–15 (Tex. App.—Austin 2009, pet. ref'd) (noting photograph sufficiently authenticated when medical examiner testified it accurately depicted injuries). The photographs were properly admitted, and Counsel is under no obligation to make a futile objection.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Guerrero's claim he received ineffective assistance of trial counsel.

G.     **Compelled Testimony (Claim 7)**

Guerrero next argues he was compelled to testify because counsel's alleged ineffectiveness at presenting a defense forced him to take the stand, thereby opening him to admit his prior convictions before the jury on cross-examination. This contention, however, is contradicted by the trial record. The trial transcript reflects the following colloquy prior to Guerrero's testimony:

> THE COURT: Okay. Ms. Alvarenga, you said your client is going to testify and you have given him advice and your opinion on this issue; is that correct?
>
> MS. ALVARENGA: That's correct.
>
> THE COURT: Mr. Guerrero, you have talked to your lawyer about whether you should testify and y'all have made a decision?
>
> THE DEFENDANT: Briefly, yes.
>
> THE COURT: And what is the decision?
>
> THE DEFENDANT: That I would testify.
>
> THE COURT: Okay. And Ms. Alvarenga, you gave some advice that may be counter to that?
>
> MS. ALVARENGA: I advised my client I don't believe it is a good idea for him to testify. I am advising against him testifying.
>
> THE COURT: But you have decided to testify, Mr. Guerrero?
>
> THE DEFENDANT: Yes.

4 RR 179-180. Thus, the record reflect Guerrero testified against the advice of his attorney, and never stated he was only doing so because of his counsel's alleged ineffectiveness. Further, Guerrero's claim is wholly conclusory, as he fails to identify evidence his attorney could have offered that would have avoided the need for Guerrero to testify, and has not pointed to any available evidence showing Y.R. only accused Guerrero of the crimes for immigration reasons. On this

record, the state court's rejection of this claim was not an objectively unreasonable application of federal law.

## H.     Insufficiency of the Evidence (Claim 8)

Guerrero argues the evidence was insufficient to prove his guilt. He argues the only evidence supporting his guilt came from the complainant, while he introduced inconsistent evidence to attack her account.

Guerrero presented this same claim in his state application for habeas corpus relief. Although the state courts did not specifically address this claim, the Court of Criminal Appeals has long held the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir.1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals reaffirmed where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Guerrero's sufficiency claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801–07 (1991).

Alternatively, Guerrero's claims is without merit. In addressing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Clearly, there was evidence, as related by the Court of Appeals, to support the jury's finding Guerrero was guilty of assault family

violence.  Guerrero's argument comes down to a claim the jury should have believed his testimony over the victim's testimony.  The jury, however, is well within its bounds to make credibility determinations.  "It is well-settled that credibility determinations are the sole province of the jury." *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001).  The evidence, viewed in the light most favorable to the prosecution, clearly supports a guilty verdict.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Guerrero's claim of insufficiency of the evidence to the extent that claim is not procedurally defaulted.

## I.       Indictment (Claim 9)

In his next ground for relief, Guerrero contends his indictment was defective because it alleged an enhancement offense that was invalid.  He also appears to argue the trial court erred by allowing the jury to consider the indictment.  As mentioned above, Guerrero's claim is procedurally barred.  In addition, no objection was made at trial regarding the indictment or the presentation of the indictment.  Lack of a contemporaneous objection and the Texas contemporaneous objection rule also procedurally bar consideration of this claim in this federal habeas corpus proceeding.  *See Amos v. Scott*, 61 F.3d 333, 340–43 (5th Cir. 1995).

## J.       Translator (Claim 10)

In his next ground for relief, Guerrero argues the translator may have been operating under a conflict of interest because she had also worked at a hearing for a protective order initiated by the

complainant.   Guerrero argues the translator may have lost the CD containing the jailhouse conversation between Y.R. and Guerrero because she was friendly with Y.R.   At trial, Guerrero's attorney announced the translator's purse, which contained the CD, was stolen.  4 RR 198.  There is simply no evidence the translator misplaced the CD or was operating under a "conflict of interest," as suggested by Guerrero.   The state court's rejection of this claim was not an objectively unreasonable application of federal law.

**K.     Excessive Sentence (Claim 11)**

In his next ground for relief, Guerrero argues his sentence represented a cruel and unusual punishment.  The Eighth Amendment prohibits sentences that are grossly disproportionate to the crime. In Guerrero's case, his offense was enhanced by two prior felony convictions.  His sentencing range was twenty-five years to life in prison.   Guerrero was sentenced to sixty-five years.  This punishment is not constitutionally disproportionate to his offense.  *See Rummel v. Estelle*, 445 U.S. 263, 285 (1978) (life sentence imposed on an offender convicted of theft under $200 was not cruel and unusual punishment because he had previously been convicted of two felonies and was prosecuted under the Texas recidivist statute).   Recidivist statutes punish not only the offense of conviction but also the "propensities" of the defendant demonstrated by his prior convictions for other crimes.  *Id.* at 283–85.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.   Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Guerrero's claim that his sentence constituted cruel and unusual punishment.

**L.      Enhancement Convictions (Claim 12)**

Despite pleading true to the enhancement paragraphs, in his final ground for relief, Guerrero argues his sentence was improperly enhanced.  Specifically, Guerrero contends his sentence was enhanced improperly with a DWI conviction which was not proven at trial and of which he was innocent.  Guerrero also appears to claim his sentence was improperly enhanced with another DWI conviction in cause number D-1-DC-06-202366.  As mentioned earlier, Guerrero's claim is procedurally barred.  In addition, Guerrero discharged his four-year sentence in cause number 0985593 prior to filing the instant habeas application.  Once a state conviction is no longer open to direct or collateral attack because the defendant did not pursue those remedies while they were available or did so unsuccessfully, the conviction is presumptively valid, and if it is later used to enhance a criminal sentence, it cannot be challenged under § 2254 on the ground it was unconstitutionally obtained.  *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403–04 (2001).

With regard to his DWI conviction in cause number D-1-DC-06-202366, Guerrero already challenged it in a federal habeas application.  *See Guerrero v. Thaler*, No. A-12-CV-010-SS (W.D. Tex. Sept. 21, 2012).  The Court dismissed the application as time-barred on September 21, 2012. The Fifth Circuit Court of Appeals denied Guerrero a certificate of appealability. *Guerrero v. Thaler*, No. 12-51037 (5th Cir. Apr. 2, 2013).  Guerrero does not have authorization to challenge his conviction in a subsequent application for habeas corpus relief, and any such challenge would be time-barred.

**Conclusion**

The Court wholly agrees with the Magistrate Judge's Report and Recommendation, and Guerrero's Petition for Writ of Habeas Corpus [#1] must be DENIED.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Guerrero's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve

-23-

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Ruben Guerrero's Motion for Temporary Injunction [#44] is DISMISSED;

IT IS FURTHER ORDERED that Petitioner Ruben Guerrero's Objections [#12] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#4] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Ruben Guerrero's Petition for Writ of Habeas Corpus [#1] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _13_ day of February 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE